DECISION AND JOURNAL ENTRY
Defendant Greggory C. Riggs has appealed from his conviction and sentence by the Summit County Common Pleas Court. This Court affirms in part, reverses in part, and remands the matter to the trial court for further proceedings.
 I.
On April 13, 1999, Defendant was indicted by the Summit County Grand Jury on six counts of rape, in violation of R.C. 2907.02(A)(1)(b). The incident allegedly involved an individual under the age of thirteen and involved force. Pursuant to a plea agreement, the State dismissed four of the counts and amended the two remaining counts to corruption of a minor and rape without force. On September 13, 1999, Defendant pled guilty to one count of corruption of a minor, a felony of the fourth-degree, and one count of rape without force, a felony of the first-degree. The trial court ordered a pre-sentence investigation and a victim impact statement before sentencing Defendant. On October 12, 1999, the trial court sentenced Defendant to a term of ten years on the count of rape and a term of one year on the count of corruption of a minor, to be served consecutively. Defendant timely appealed, asserting two assignments of error.
 II. Assignment of Error Number One
 [Defendant's] sentence is improper and contrary to law because the trial court imposed consecutive sentences but failed to analyze whether consecutive sentences were disproportionate to the seriousness of the offender's conduct or necessary to protect the public from future crime or punish the offender (sic).
 In his first assignment of error, Defendant has asserted that the trial court erred when it imposed consecutive sentences because the trial court failed to comply with State v. Edmonson (1999), 86 Ohio St.3d 324. This Court disagrees.
 A. Making a Finding
This Court has already extended the rationale of Edmonson to require the trial court to make findings and give its reasons to support the imposition of consecutive sentences. See State v. Eden (Nov. 17, 1999), Lorain App. No. 97CA006991, unreported, at 9-11; State v. Sullivan (Dec. 22, 1999), Summit App. No. 19452, unreported, at 3-5. This Court further notes that Edmonson disfavored State v. Blondheim (May 27, 1998), Summit App. No. 18594, which held that a trial court did not have to use the statutory talismanic language when making its findings.[1] However,Edmonson did not expressly mandate that a trial court use the statutory talismanic language when making the requisite findings. For this reason, this Court concludes that Edmonson requires a trial court to use some language that is close, if not identical, to the statutory criteria when articulating its findings.
 B. "On the Record"
In the present case, Defendant has cited State v. Winland (Jan. 26, 2000), Wayne App. No. 99CA0029, unreported, for the proposition that the trial court must make its findings prior to imposing consecutive sentences and that an appellate court should only review the transcript of the sentencing hearing. On the other hand, the State has argued thatWinland merely mandates that a trial court make the requisite findings and analysis somewhere on the record. Moreover, the State has asserted that the trial court made the requisite findings because a court speaks through its journal entry and the findings in this case are in the journal entry.
In Edmonson, the Ohio Supreme Court held that the findings and reasons should be set forth in the "record of the sentencing hearing." Edmonson,86 Ohio St.3d at 326. However, Edmonson did not expressly identify what encompasses the "sentencing record." In the past, this Court has reviewed both the sentencing hearing and journal entry. See, e.g., State v.Fuller (Mar. 15, 2000), Summit App. No. 19557, unreported, at 3-4; see, also, State v. Cheers (May 17, 2000), Lorain App. No. 99CA007367, unreported, at 7. This Court has also held that that an oral pronouncement of sentence in open court is not sufficient and that a sentence is not effective until the filing of a journal entry. State v.Teets (Sept. 20, 2000), Medina App. No. 3022-M, unreported, at 3. See, also, State v. Moore (Apr. 19, 2000), Summit App. No. 19544, unreported, at 12-13 (affirming the sentence where the findings and the reasons for imposing maximum and consecutive sentences were listed only in the journal entry.). For this reason, this Court continues to adopt the position that an appellate court should review both the transcript of the sentencing hearing and the journal entry.
In the present case, the journal entry stated that:
 The Court further finds, pursuant to [R.C. 2929.14(E)(3)], that consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses (sic), and the harm was so great or unusual that [a] single term does not adequately reflect the seriousness of the conduct.
 This Court concludes that the findings in the sentencing journal entry comply with Edmonson. Next, this Court will review the reasons for the consecutive sentences. The transcript of the sentencing hearing in the case at bar revealed the following:
 This Court has reviewed the presentence investigative report together with the victim impact statements.
 I have reviewed these matters with a great deal of concern of the impact on these two young people: Family structure, trust, the love that was given, the threats. [Defendant], I don't pretend to understand human nature or the forces that would drive someone who would do this to little girls. I don't pretend to understand it. But I do know the tremendous damage that it does, and I also know that this is one offense that throughout our history as a society we have universally condemned. There are no excuses.
 I consider that a great deal of consideration was given in accepting a plea to merely one count of rape in this case, considering the fact that there are two separate victims and multiple, multiple offenses.
 Based on the facts and circumstances, this Court imposes a sentence for the offense of rape of ten years in the state penal system. This Court further imposes, for the offense of corruption of a minor, 12 months, to be served consecutively and not concurrently. That's in recognition of the fact that there were two children victimized here.
 Based on the foregoing, this Court concludes that the trial court provided the necessary reasons for imposing consecutive sentences. Defendant's first assignment of error is overruled.
 Assignment of Error Number Two
 [Defendant's] sentence is improper and contrary to law in that the trial court imposed a maximum sentence on an offender who had never served a prison term without making the findings required by statute.
 In the case at bar, the State conceded that the trial court did not note that it engaged in the analysis of the statutory criteria to support the imposition of more than the minimum sentence and that the trial court did not make the necessary findings for imposing the maximum sentence. "Obviously, without the finding itself, the court also fails to provide the necessary `finding that gives its reasons.'" Edmonson, at 329, quoting R.C. 2929.19(B)(2)(d). Accordingly, Defendant's second assignment of error is sustained.
 III.
Defendant's first assignment of error is overruled. His second assignment of error is sustained. The trial court's judgment is affirmed in part, reversed in part, and the cause is remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BATCHELDER, P. J., BAIRD, J., CONCURS
WHITMORE, J., CONCURS IN PART AND DISSENTS IN PART, SAYING:
I disagree with the majority's interpretation of what constitutes the "record of the sentencing hearing." Today's holding suggests that a trial court can make findings and give its reasons for sentences solely in the journal entry; that the journal entry can be an after-the-fact creation of findings and reasons not stated from the bench at the time of sentencing. See State v. Moore (Apr. 19, 2000), Summit App. No. 19544, unreported, at 12-13, and State v. Gerber (Dec. 22, 1999), Wayne App. No. 99CA0018, unreported, at 11-12 (wherein the sentencing journal entry contained the statutory findings and reasons to support the imposition of maximum and consecutive sentences.) Thus, the majority, as well as the decisions in Moore and Gerber, imply that this Court may affirm a sentence where the sentencing hearing is silent on both the findings and the reasons for imposing maximum and consecutive sentences, so long as the journal entry itself contains the requisite findings and reasons. Because I believe Edmonson requires both the findings and reasons to be stated on the record at the sentencing hearing, I would overrule Moore
and Gerber and respectfully dissent in part in this case.
A procedure which permits after-the-fact journalization of findings and reasons not stated in open court at the time of sentencing is bad policy. It also ignores the lessons of Edmonson. The Ohio Supreme Court observed that the "record of the sentencing must reflect" the findings of the trial court. Edmonson, at 326. The court compared its rationale to language in other sentencing statutes:
 The phraseology in R.C. 2953.08(A)(2), for example, supports the view that the statutory purpose is fulfilled when a court notes that it has considered the statutory criteria and specifies which of the given bases warrants its decision to vary from the preferred minimum sentence. It reads that a defendant may appeal as a matter of right if "the court did not specify at sentencing that it found one or more factors." And likewise, the text of R.C. 2953.08(G)(1)(b) ratifies the view that in enacting the new sentencing laws, the General Assembly only sought to confirm that courts considered the statutory requirements by stating that a defendant may obtain certain relief if "the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified."
 (Emphasis added.) Id. at 326-327. The majority fails to appreciate the importance of the Edmonson language which stresses information should be placed on the record at sentencing, not reconstructed later in a journal entry. Moreover, requiring findings and reasons to be set forth at the sentencing hearing imposes no additional burden on appellate courts because R.C. 2953.08(F) obligates the court to review the entire record in any event. See id. I believe, therefore, that Edmonson requires a trial court to make the findings and give its reasons for imposing a sentence at the sentencing hearing.
In the past, this Court has focused on the content of the transcript of the sentencing hearing. See State v. Harper (Apr. 5, 2000), Summit App. No. 19605, unreported, at 4 (wherein the same members of this panel remanded the case for re-sentencing because the transcript of the sentencing hearing did not reflect that the trial court engaged in the necessary analysis of whether the consecutive sentences were disproportionate to the seriousness of the offender's conduct.) Furthermore, this Court once expressly stated that "prior to imposing consecutive sentences under R.C. 2929.14(E), the trial court shall note on the record that it engaged in the appropriate analysis as contemplated in the law and it shall enumerate the reasons underlying the resulting sentence." State v. Winland (Jan. 26, 2000), Wayne App. No. 99CA0029, unreported, at 4. The plain meaning of the phrase "prior to imposing consecutive sentences" supports the proposition that the trial court should make the findings and give the reasons, if necessary, at thesentencing hearing. The above approach comports with the policy of sentencing by forcing the trial court to engage in dialogue in a public forum to ensure that the defendant and the public understand the purpose and reasons for the sentence. Accordingly, I would sustain the first assignment of error. I concur with the second assignment of error.
[1] State v. Blondheim (May 27, 1998), Summit App. No. 18594, is a decision from this Court that was certified as conflicting with State v.Edmonson (Sept. 25, 1998), Portage App. No. 97-P0067, unreported, 1998 WL 684180. In affirming the decision of the Eleventh District Court of Appeals, the Ohio Supreme Court implicitly criticized Blondheim.Edmonson, 86 Ohio St.3d at 326.